## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ANTHONY PETERS (#542955)**

**VERSUS**

**DARREL VANNOY, ET AL.**

**CIVIL ACTION**

**NO. 18-275-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 4, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY PETERS (#542955)

VERSUS

DARREL VANNOY, ET AL.

CIVIL ACTION

NO. 18-275-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petitioner's application should be denied. There is no need for oral argument or for an evidentiary hearing.

The petitioner, Anthony Peters, challenges his conviction, entered in 2013 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of second-degree murder. On March 5, 2018, the petitioner filed a petition for a writ of habeas corpus contending: (1) he received an unconstitutionally excessive sentence, (2) his Sixth Amendment rights were violated when the state used peremptory challenges in a discriminatory manner, (3) he was unfairly prejudiced because the victim's sister posted photographs from the trial to her Facebook account, (4) he received ineffective assistance of counsel from trial counsel, (5) he received ineffective assistance of counsel from appellate counsel, (6) his *Miranda* rights were violated by the arresting officers, and (7) his statement to the arresting/interrogating officers was involuntary.[1]

---

[1] The petitioner's *Memorandum in Support* (R. Doc. 1-1) sets out "Claim 8," which is the same as "Claim 2." The Court will treat "Claim 8" as additional argument in support of "Claim 2."

**Procedural History**

After a trial by jury conducted in January of 2013, the petitioner was found guilty of second-degree murder, and on March 1, 2013 the petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The petitioner thereafter appealed his conviction. His sole counseled error on appeal was that he received an unconstitutionally excessive sentence. The petitioner asserted three additional errors *pro se*: the state exercised challenges to jurors based on race, he was prejudiced as a result of the victim's sister posting pictures to her Facebook account from the trial, and he received ineffective assistance of counsel from his trial counsel. On April 17, 2014, the petitioner's conviction and sentence were affirmed by the Louisiana Court of Appeal for the First Circuit ("First Circuit"). *State v. Peters*, 13-1110, 2014 WL 1515757 (La. App. 1 Cir. 4/17/14). The petitioner's application for supervisory review in the Louisiana Supreme Court was denied on March 6, 2015. *State v. Peters*, 14-1137, 161 So.3d 10 (La. 3/6/15).

On or about March 30, 2015, the petitioner filed an application for post-conviction relief in the Nineteenth Judicial District Court, asserting: ineffective assistance of appellate counsel, the state exercised challenges to jurors based on race, he was prejudiced as a result of the victim's sister posting pictures to her Facebook account from the trial, and ineffective assistance of trial counsel. On October 16, 2015, the Commissioner at the Nineteenth Judicial District Court determined that the petitioner's application failed to comply with Louisiana Code of Criminal Procedure, Article 926 because he failed to attach a copy of his judgment of conviction and sentence and ordered the petitioner to supplement his application within thirty days. On November 23, 2015, the Commissioner recommended dismissal of the petitioner's application without prejudice due to his failure to supplement his application in accordance with the October

16, 2015 order.  On December 15, 2015, the state district judge signed an order dismissing the petitioner's application per the Commissioner's recommendation.

The petitioner did not refile a post-conviction application with the Nineteenth Judicial District Court.  He did, however, seek review with the First Circuit.  On July 29, 2016, the First Circuit denied the petitioner's writ application due to his failure to comply with La. Code Crim. P. art. 926.  *State v. Peters*, 2016-KW-0133 (La. App. 1 Cir. 7/29/2016) (unpublished).  The petitioner sought further review with the Louisiana Supreme Court.  The Louisiana Supreme Court denied review, finding that the petitioner "fail[ed] to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*."  *State v. Peters*, 2018 WL 460867, 2016-1668 (La. 1/12/18) (citation omitted).

On or about March 5, 2018, the petitioner filed the instant application for habeas corpus relief in this Court.

**Timeliness**

In its response to the petitioner's application for habeas corpus relief, the state did not raise the affirmative defense of untimeliness.  However, a district court is permitted to consider, *sua sponte,* the timeliness of a petitioner's habeas corpus petition.  *See Day v. McDonough,* 547 U.S. 198, 209–10 (2006).[2]  After a review of the record, the Court has determined that the petitioner's application for habeas corpus relief should be dismissed as untimely.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody.  This limitations period

---

[2] The Court hereby advises the petitioner that this Report constitutes notice that this Court is *sua sponte* raising the issue of timeliness, and the Court further advises the petitioner that, in accordance with 28 U.S.C. § 636(b)(1), he has a period of fourteen (14) days from the date of service of this Report to file written objections to the proposed findings of fact and conclusions of law herein, and he may submit any evidence or argument he may have concerning the timeliness issue in connection with such written objections.

begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is made, upon the conclusion of the 90-day time period for seeking such review. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the Louisiana Supreme Court denied the petitioner's writ application on direct review on March 6, 2015. The judgment became final on June 4, 2015, upon the passage of the time allowed for him to pursue discretionary review with the United States Supreme Court (90 days). The petitioner filed an application for post-conviction relief on March

30, 2015. However, as noted by the trial court, the petitioner's application failed to comply with La. Code Crim. P. art. 926, which requires a copy of the conviction and sentence to be annexed to the petition. In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo,* 544 U.S. 408, 413-414 (2005); *Williams v. Cain,* 217 F.3d 303, 306-07 n.4 (5th Cir. 2000). Applications for post-conviction relief that do not comply with La. Code Crim. P. art. 926 are not considered "properly filed" and do not toll the statute of limitations. *See Alexander v. Cain*, 2007 WL 121733 (E.D. La. 1/12/2007); *Washington v. Rader*, 2012 WL 2236746 (E.D. La. 5/14/2012); *Davis v. Cain*, 2018 WL 4345281 (M.D. La. 8/17/2018).

In *Davis v. Cain*, 2018 WL 4345281 (M.D. La. 8/17/2018), the district judge in the instant matter considered a similar scenario of post-conviction applications that failed to conform with the requirements of La. Code Crim. P. art. 926. The petitioner in *Davis* filed two applications that did not meet the requirements of article 926. In *Davis*, like the instant case, the trial court provided the petitioner with the opportunity to correct the article 926 deficiencies in his applications. Unlike the instant case, the petitioner in *Davis* corrected the deficiencies at the trial court level. Even so, the Court held that the time during which the procedurally deficient post-conviction applications were pending (prior to correcting the deficiencies) did not toll the statute of limitations. *Davis*, at *6.

In the instant case, the petitioner never corrected the deficiencies. To find that any time was tolled would essentially reward the petitioner for failing to take any remedial action. In short, the post-conviction applications were never properly filed. The petitioner's post-conviction application was deemed procedurally improper by the trial court and the writ was

denied by the First Circuit on July 29, 2016. *State of Louisiana v. Anthony Peters*, 2016 KW 0133 (7/29/16).³ As such, 421 untolled days elapsed from the date the petitioner's conviction became final (June 4, 2015) and the date the First Circuit denied his post-conviction application writ (July 29, 2016).

The Court need not reach the question of whether the petitioner's filings with Louisiana Supreme Court tolled the statute of limitations. The Louisiana's Supreme Court's January 12, 2018 ruling denied the petitioner's writ application on the merits in a single sentence. The Court did not address the procedural errors found by the lower courts. Even if the pendency of the writ application before the Louisiana Supreme Court tolled the period, yet another 56 untolled days elapsed from the date the Louisiana Supreme Court denied his post-conviction application writ (January 18, 2018) until the date the petitioner filed the instant habeas petition (March 5, 2018). Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts (at least 477 days), and the petitioner's habeas application is untimely.

The record lacks any basis for equitable tolling in this case. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

---

³ Signed opinion available with the Louisiana First Circuit Court of Appeal at https://www.la-fcca.org/opiniongrid/opinionpdf/2016%20KW%200133%20Decision%20Writ.pdf.

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The circumstances of this case are not "extraordinary" such that equitably tolling can be applied. The petitioner in the instant matter has demonstrated no such diligence and alacrity. The petitioner has provided no explanation as to why he failed to properly file his post-conviction application.[4] As such, the petitioner did not diligently pursue his rights, nor was he prevented from doing so in some extraordinary manner.

---

[4] The petitioner makes no statements in his habeas petition (R. Doc.1) or his Memorandum in Support (R. Doc. 1-1) regarding the timeliness of his petition. He did attach documents from the Supreme Court of Louisiana, Department of Corrections and an Executive Order from Governor John Bel Edwards associated with the flooding in August of 2016 and the suspension of prescriptive periods in Louisiana. (R. Doc. 1-3, p. 1-11). If the petitioner attached the documents associated with the August 2016 flooding to excuse his untimely petition, the August 2016 flood occurred more than a year after his conviction was final, and therefore had no impact on his ability to timely file a federal habeas petition or properly initiate state collateral review proceedings. The August 2016 flood also had no impact on his ability to comply with the trial court's October 16, 2015 order to supplement his PCR within 30 days.

**Certificate of Appealability**

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

**RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed. It is further recommended that in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on September 4, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**