UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY PETERS                                             CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                         NO.: 18-00275-BAJ-RLB

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 17)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses pro se Petitioner Anthony Peters habeas corpus petition (Doc. 1) pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommended that Petitioner's habeas corpus relief be denied as untimely, and the proceeding be dismissed. The Magistrate Judge further recommends that, in the event the Petitioner seeks to pursue an appeal, the certificate of appealability be denied. (Doc. 17 at p. 9).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Petitioner timely filed an objection, and Defendants did not respond.

The Magistrate Judge determined Petitioner's petition to be untimely under 28 U.S.C. § 2244(d). The Magistrate Judge found that Petitioner failed to correct filing deficiencies, such as the failure to attach a copy of his conviction and sentence to his post-conviction application as required by Louisiana Code of Criminal Procedure art. 926. Applications for post-conviction relief that do not comply with Article 926 are not considered properly filed and do not toll the statute of limitations. (Id. at p. 6). The Magistrate Judge also determined that the circumstances of this case are not extraordinary such that equitably tolling can be applied, as Petitioner did not diligently pursue his rights, nor was prevented from doing so in some extraordinary manner (Id. at p. 8).

In his objection, Petitioner asserts that the Magistrate Judge has erroneously relied on 28 U.S.C. § 2244(d) and the one-year statute of limitations. (Doc. 18 at p. 1). Petitioner claims that he has made every attempt to comply with the State. Petitioner further claims that his legal documents were "poorly kept and unorganized," and "a disservice was done to him by a trained inmate counsel substitute." (Id. at p. 3). Petitioner asserts that the inmate counsel did not understand the Court's request and attached what he thought were the correct documents (Id.). Petitioner further asserts that he did comply with the order to correct his filing but inadvertently submitted the wrong documents. (Id.).

For a state post-conviction application to be considered "properly filed" within meaning of 28 U.S.C. § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v.*

*DiGueglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 (5th Cir. 2000). Applications for post-conviction relief that do not comply with La. Code Crim. P. art. 926 are not considered "properly filed" and do not toll the statute of limitations. *See Alexander v. Cain*, 2007 WL 121733 (E.D. La. 2007); *Davis v. Cain*, 2018 WL 4345281 (M.D. La. 2018).

The Court finds that Petitioner's habeas corpus petition is untimely. More than a year elapsed during which Petitioner had no properly filed applications for post-conviction or other collateral review petitions pending before the state courts. This untolled time amounted to at least 477 days. (Doc. 17 at p. 7).

The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances" See *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The Supreme Court of the United States made clear that a petitioner is entitled to equitable tolling only if (1) he shows that he was pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct 2549 (2010). The burden is on the petitioner to demonstrate that equitable tolling is warranted. *Hardy v. Quarterman*, 577 F.3d 433, 436 (5th Cir. 2009). The Court finds that Petitioner failed to allege any details or produce evidence regarding his diligent pursuit of his rights or that he was prevented in some extraordinary way from asserting his rights. Petitioner only asserts that his legal documents were "poorly kept" and that he was guided by inmate counsel and accidently filed the wrong documents. The Court finds that the disorder of his legal

documents and inadvertent submission of incorrect documents are not sufficient circumstances to warrant equitable tolling.

Having carefully considered the underlying Complaint, the instant motion, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 17)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Petitioner's application for habeas corpus relief is **DENIED**.

Baton Rouge, Louisiana, this 31st day of January, 2020.

---
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA